■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GITTO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK HICKEY, Appellant. — Judgment of the Supreme Court, New York County (Preminger, J.), rendered June 16, 1982, convicting the defendants Hickey and Gitto, after a jury trial, of criminal mischief in the fourth degree and petit larceny, and sentencing each to a definite term of 10 months on each count to run concurrently, unanimously modified, as a matter of discretion in the interest of justice, by reversing and reducing the sentence as to each defendant to a term of probation of three years, and remanding the matter to the trial court to fix the conditions of probation, one of which shall be that the defendants reimburse the complainant, in whole or in such part as may be appropriate, jointly and severally, for the damage to his taxi and for any loss of income due to their involvement with the complainant, and otherwise affirmed. These two young defendants and a third who seemed most responsible, and whose appeal has abated because he took his own life after the conviction, were employed as moving men and were operating a truck on the lower east side of Manhattan when they encountered the complainant's taxi. The defendants, who do not have a significant previous lawless history, engaged in an altercation with the taxi driver, shattered his taxicab window, and took his day's receipts. Originally, the presentence report recommended probation, but when, instead of a guilty plea, there was conviction after a jury trial, a period of incarceration was recommended. This was an unfortunate incident in which these defendants behaved badly, but under the circumstances we believe the interest of justice would best be served by sentencing them to a term of probation in addition to the week in jail they have already served, and remanding the matter to the trial court to fix the terms of probation, which shall include reimbursement to the complainant for the property damage and loss of income sustained because of the actions of these defendants. Concur — Kupferman, J. P., Sandler, Carro, Asch and Markewich, JJ.